IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00225-BNB

M. BERNIECE JOHNSON,

    Plaintiff,

v.

TODD K. FUSS,
PAULA S. BOWERS,
CAROL DIETRICT FUSS,
MRS. DIETRICT, mother of Carol Fuss,
VICKIE FUSS, true name unknown,
JEAN WILLITT, mother of Todd Fuss,
MR. A. WILLITT, Jean Willitt's husband,
JOHN WIMBERLY, true name unknown,
TERA FUSS, sister of Todd Fuss, true name unknown,
CRYSTAL FUSS, sister of Todd Fuss, true name unknown,
ZANE FUSS, brother of Todd Fuss, and
JERRY SMITH,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, M. Berniece Johnson, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Women's Correctional Facility at Cañon City, Colorado. Ms. Johnson initiated this action by filing *pro se* a complaint. On February 17, 2009, she filed an amended complaint on the court's Prisoner Complaint form.

On March 6, 2009, I ordered Ms. Johnson to show cause why the amended complaint and the action should not be dismissed for lack of subject matter jurisdiction because Ms. Johnson asserts in the amended complaint only state law tort claims and

she asserts that Defendants were not acting under color of state law. On March 19, 2009, Ms. Johnson filed a "Reply to Order to Show Cause."

I must construe the papers filed by Ms. Johnson liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Johnson will be ordered to file a second amended complaint.

Ms. Johnson argues in her "Reply to Order to Show Cause" that her federal constitutional rights have been violated by various state actors. Assuming Ms. Johnson wishes to pursue those federal constitutional claims in this action, she has shown cause why the action should not be dismissed for lack of subject matter jurisdiction. However, the federal constitutional claims to which Ms. Johnson refers in the "Reply to Order to Show Cause" are not raised in the amended Prisoner Complaint filed in this action on February 17, 2009. Furthermore, although Ms. Johnson apparently now contends that Defendant Todd K. Fuss was acting under color of state law, the other state actors to which Ms. Johnson refers in the "Reply to Order to Show Cause" are not named Defendants in this action. Therefore, Ms. Johnson must file a second amended complaint if she wishes to pursue her federal constitutional claims in this action.

Ms. Johnson is advised that the second amended complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." In order satisfy the requirement of providing a short and plain statement of her claims showing that she is entitled to relief, Ms. Johnson must explain in her second amended complaint "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Accordingly, it is

ORDERED that the court's Order to Show Cause filed on March 6, 2009, is discharged. It is

FURTHER ORDERED that Ms. Johnson shall file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court shall mail to Ms. Johnson, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that if Ms. Johnson fails to file a second amended complaint that complies with this order within the time allowed the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion of Telaphonic [sic] Hearing" filed on February 17, 2009, is denied.

DATED March 23, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00225-BNB

M. Berniece Johnson
Prisoner No. 105370
Colorado Women's Correctional Facility
P.O. Box 500
Unit 1
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 3/23/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk