IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00225-BNB

M. BERNIECE JOHNSON,

    Plaintiff,

v.

TODD K. FUSS,
PAULA S. BOWERS,
CAROL DIETRICT FUSS,
MRS. DIETRICT, mother of Carol Fuss,
VICKIE FUSS, true name unknown,
JEAN WILLITT, mother of Todd Fuss,
MR. A. WILLITT, Jean Willitt's husband,
JOHN WIMBERLY, true name unknown,
TERA FUSS, sister of Todd Fuss, true name unknown,
CRYSTAL FUSS, sister of Todd Fuss, true name unknown,
ZANE FUSS, brother of Todd Fuss,
JERRY SMITH,
DENVER POLICE DEPARTMENT,
JEFFERSON COUNTY POLICE DEPARTMENT,
DAVID LITTMAN (lawyer–ad litem),
WILLIAM KING (lawyer representing Todd Fuss), and
LARRY LEECH (lawyer pretending to represent the plaintiff while helping Todd Fuss
    and cohorts),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2009

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff M. Berniece Johnson is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Women's Correctional Facility in Cañon City, Colorado. Ms. Johnson initiated this action by filing *pro se* a complaint. On February 17, 2009, Ms. Johnson filed an amended complaint using the Court's Prisoner Complaint form. Ms. Johnson's claims in this action arise out of a custody dispute with

Defendant Todd Fuss that apparently resulted in Mr. Fuss being awarded custody of Ms. Johnson's daughter in 1998. Ms. Johnson asserted her claims in the amended complaint pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999).

On March 6, 2009, Magistrate Judge Boyd N. Boland ordered Ms. Johnson to show cause why the amended complaint and the action should not be dismissed for lack of subject matter jurisdiction because Ms. Johnson raised only state law tort claims in the amended complaint and she asserted that none of the Defendants were acting under color of state law. On March 19, 2009, Ms. Johnson filed a response to Magistrate Judge Boland's show cause order. She argued in her response that her federal constitutional rights have been violated by various state actors.

On March 23, 2009, Magistrate Judge Boland entered an order discharging the March 6 show cause order based on Ms. Johnson's response to that order. In the March 23 order, Magistrate Judge Boland also directed Ms. Johnson to file a second amended complaint if she wishes to pursue her federal constitutional claims in this action because the federal constitutional claims she referenced in her response to the March 6 show cause order were not actually raised in the amended complaint. Magistrate Judge Boland specifically advised Ms. Johnson that her second amended complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and he specifically discussed what those pleading requirements are. On April 2, 2009, Ms. Johnson filed a second amended complaint on the Court's Prisoner Complaint form.

The Court must construe the second amended complaint liberally because Ms. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

The Court has reviewed Ms. Johnson's second amended complaint filed on April 2 and finds that the second amended complaint fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Johnson asserts her claims in the second amended complaint pursuant to 42 U.S.C. § 1983. However, she fails to set forth a short and plain statement of any federal constitutional claims in the second amended complaint showing that she is entitled to relief in this action. Ms. Johnson's first six claims for relief in the second amended complaint are the same six state law tort claims she raised in the amended complaint filed on February 17, 2009. Ms. Johnson has included one new claim in the second amended complaint, the seventh claim for relief, and she also has included additional Defendants in the second amended complaint who allegedly acted under color of state law. However, Ms. Johnson fails to allege specific facts in support of her seventh claim that demonstrate her federal constitutional rights have been violated by any of the named Defendants.

Magistrate Judge Boland specifically advised Ms. Johnson that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this specific instruction, Ms. Johnson has failed to file a pleading that complies with the requirements of Rule 8. In particular, Ms. Johnson fails to identify the specific federal constitutional rights that allegedly have been violated. Although the second amended complaint must be construed liberally, the Court will not construct legal arguments for a ***pro se*** litigant. ***See Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840

(10th Cir. 2005). Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 23 day of April, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00225-BNB

M. Berniece Johnson
Prisoner No. 105370
Colorado Women's Correctional Facility
P.O. Box 500
Unit 3
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/23/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk